UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

URSULA MANGIR,

                Plaintiff,

                                                    1:22-CV-508
      v.                                              (BKS/DJS)

JOSEPH WILLIAMS, *et al.*,

                Defendants.
_____

**APPEARANCES:**                                    **OF COUNSEL:**

URSULA MANGIR
Plaintiff *Pro Se*
Albany, NY 12201-1110

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      The Clerk has sent to the Court Plaintiff's *pro se* Complaint. Dkt. No. 1, Compl. The Court has previously granted leave to proceed *in forma pauperis*. This is the third federal action commenced in this District by Plaintiff related to allegations involving Family Court proceedings in Rensselaer County. *See Mangir, et al. v. Pratico*, *et al.*, 21-CV-665 (BKS/DJS); *Mangir, et al. v. Walsh*, 21-CV-674 (BKS/DJS).

      28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

- 1 -

relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his or her complaint before permitting the matter to proceed further.

The Complaint in this action was filed by using a form complaint for actions brought under 42 U.S.C. § 1983. *See generally* Compl. Named as Defendants are four attorneys alleged to have been involved in various stages of Plaintiff's Family Court proceedings and Plaintiff's ex-husband. *Id.* at pp. 1-2. The allegations of the Complaint are made in wholly conclusory terms, but allege generally that Defendants have engaged in fraud, misrepresentation, and other misconduct related to those state court proceedings. *Id.* at pp. 2-4.

Section 1983 allows individuals to recover for constitutional or federal statutory violations committed by state actors. *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) ("Section 1983 provides a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."). It is an essential element of a claim under section 1983 that a plaintiff "prove that the defendant has deprived [her] of a right secured by the 'Constitution and laws' of the United States." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). Beyond a purely conclusory allegation that Defendants have "committed multiple fraudulent acts that violate Plaintiff's civil rights," Compl. at pp. 2-3, the Complaint cites no federal law, regulation, or constitutional provision that Defendants are alleged to have violated. *See generally* Compl. In fact, Plaintiff's claims are entirely state law claims. She specifically alleges, for example, claims for breach of contract, fraud, assault, slander, and intentional

infliction of emotional distress. *Id.* at p. 4. Given the failure to allege the violation of a federal right, Plaintiff may not maintain a section 1983 claim.

In addition, as Plaintiff has previously been made aware, any claim under section 1983 requires state action. *Mangir v. Pratico*, Dkt. No. 9 at pp. 3-4. "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n, FA*. 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted). "A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is thus required to show state action." *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003). "State action requires both the exercise of some right or privilege created by the State and the involvement of a person who may fairly be said to be a state actor." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (quoting *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d at 186) (internal quotations and alterations omitted). Plaintiff has failed to make any allegations establishing that Defendants engaged in state action.

As outlined above, the failure to properly allege a section 1983 claim, or any other federal cause of action also means that Plaintiff has not established that the Court has federal question jurisdiction over this case under 28 U.S.C. § 1331 as alleged in the Complaint. Though not alleged, the Court notes that there is also no basis for finding diversity jurisdiction here with respect to Plaintiff's state law claims. "To have complete diversity, 'each plaintiff's citizenship must be different from the citizenship of each defendant.'" *Johnson v. Glob. Promotion & Pub. Corp.*, 2013 WL 828744, at *1

(E.D.N.Y. Mar. 6, 2013) (quoting *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009)). Here, there is clearly a lack of complete diversity since all of the parties here are alleged to be residents of New York. Compl. at pp. 1-3. As a result, diversity jurisdiction is lacking. *Butler v. Geico Gen. Ins. Co.*, 2019 WL 330591, at *3 (N.D.N.Y. Jan. 25, 2019), *report and recommendation adopted*, 2019 WL 652197 (N.D.N.Y. Feb. 15, 2019).

For these reasons, none of the stated legal causes of action provide a basis for a claim in this proceeding. The Court, therefore, recommends that the Complaint be dismissed. "Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). Here, given that there is no non-frivolous basis for asserting state action and no other basis on which federal jurisdiction would appear to exist, the Court recommends that the Complaint be dismissed without prejudice.

Also pending is Plaintiff's Motion for Appointment of Counsel. Dkt. No. 3. Several factors must be carefully considered by the court in ruling upon such a motion. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). As a threshold matter, however, the court should ascertain whether the indigent's claims seem likely to be of substance. *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). A motion for appointment of counsel may be properly denied if the court concludes that the plaintiff's "chances of success are highly dubious." *Leftridge v. Connecticut State Trooper Officer*

*No. 1283*, 640 F.3d at 69.  Considering the recommendation made here that the Complaint be dismissed, Plaintiff has not met the threshold requirement of demonstrating that his claims seem likely to be of substance.  The Motion for Appointment of Counsel, therefore, is **DENIED**.

**ACCORDINGLY**, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED without prejudice**; and it is

**ORDERED**, that Plaintiff's Motion for Appointment of Counsel be **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[1] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*,

---

[1] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).

892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).

Dated: May 25, 2022
     Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge